

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

VAZ
F. #2021R00472

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 25, 2024

By ECF

The Honorable Rachel P. Kovner
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     United States v. Max Eugene
        Criminal Docket No. 22-200 (RPK)

Dear Judge Kovner:

The government respectfully submits this letter in advance of the defendant Max Eugene's sentencing, scheduled for February 7, 2024, at 3:00 p.m.  For the reasons set forth below, this Court should impose a sentence within the United States Sentencing Guidelines ("Guidelines") range of 30 to 37 months' imprisonment.

I.      Background

The defendant supplied narcotics to a codefendant—Herbert Whiteley, who has pleaded guilty but has not yet been sentenced—who made 26 narcotics sales from March 2021 to March 2022 to an undercover New York City Police Department ("NYPD") officer in three locations in the Eastern District of New York.  (See Presentence Investigation Report ("PSR") ¶¶ 11-26.)  The parties stipulate by plea agreement that the defendant's narcotics distribution conspiracy involved at least 45.27 grams of a substance containing cocaine base and at least 678.83 grams of a substance containing cocaine.  Pursuant to a search warrant executed on the day of the defendant's arrest, law enforcement recovered from the defendant's residence suspected marijuana, a ledger, Ziplock bags with residue, United States currency, a plastic container with residue, and a spoon with residue of suspected narcotics.  (See id. ¶ 28.)

On May 3, 2022, an indictment was unsealed charging the defendant with narcotics trafficking conspiracy, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B)(ii), and 841(b)(1)(C).  (See ECF Nos. 1, 4.)  The defendant was detained for 17 days until he was released on $100,000 bond secured by four sureties on May 12, 2022.  (See ECF Nos. 10, 13, 20-21.)  On May 19, 2023, the defendant pleaded guilty to a lesser-included narcotics trafficking

conspiracy charge without a mandatory minimum sentence before the Honorable Vera M. Scanlon, United States Magistrate Judge.  (See ECF No. 40.)  The Court accepted the guilty plea on June 26, 2023.  (See June 26, 2023 Order.)

While on pretrial release, the defendant engaged in numerous bail violations. (See PSR ¶¶ 3-8.)  The defendant tested positive for marijuana at least nine times, from May 20, 2022 to March 24, 2023.  The defendant violated curfew at least six times, from March 24, 2023 to May 26, 2023.  The defendant also appeared to make misrepresentations to Pretrial Services ("Pretrial") multiple times to hide his marijuana use, and to be disrespectful toward Pretrial. (See id. ¶¶ 4-5, 8 ("unacceptable" behavior).)

II.    Guidelines Calculation

A.    PSR Recommendation

The PSR calculated the Guidelines range as set forth below:

| | | |
|---|---|---:|
| Base Offense Level (§ 2D1.1(a)(5), (c)(8)) | | 24 |
| Plus: | Maintaining a Drug Premises (§ 2D1.1(b)(12)) | +2 |
| Less: | Safety Valve (§ 2D1.1(b)(18)) | -2 |
| Less: | Acceptance of Responsibility (§ 3E1.1(a), (b)) | -3 |
| Total: | | 21 |

The United States Probation Department ("Probation") calculates the total offense level to be 21, which carries an advisory Guidelines range of 37 to 46 months' imprisonment, given that the defendant falls within Criminal History Category I.  (See PSR ¶ 94.)

However, pursuant to a plea agreement, the parties have calculated (and the defendant has stipulated) that the Guidelines should be calculated as follows:

| | | |
|---|---|---:|
| Base Offense Level (§ 2D1.1(a)(5), (c)(8)) | | 24 |
| Less: | Safety Valve (§ 2D1.1(b)(18)) | -2 |
| Less: | Acceptance of Responsibility (§ 3E1.1(a), (b)) | -3 |
| Total: | | 19 |

The total offense level is then 19, which carries an advisory Guidelines range of 30 to 37 months' imprisonment, given that the defendant falls within Criminal History Category I.

The PSR describes the residence as a "stash house" and cited to United States v. Vinales, 78 F.4th 550 (2d Cir. 2023).  In Vinales, the Second Circuit expressly declined to decide whether "a defendant's use of a premises as a home . . . categorically bar[s] application of the

enhancement." 78 F.4th at 553.  Still, the Second Circuit noted that, as a general matter, the § 2D1.1(b)(12) analysis is a totality-of-the-circumstances test, and that the enhancement may apply when narcotics distribution is "one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises." Id. at *2 (quoting U.S.S.G. § 2D1.1 cmt. n.17).  The government takes no position as to whether § 2D1.1(b)(12) applies and seeks no evidentiary hearing on the issue under United States v. Fatico, 579 F.2d 707 (2d Cir. 1978).  Because of the plea agreement reached and all the sentencing factors set forth under 18 U.S.C. § 3553(a), the government expects to seek a sentence within the range of 30 to 37 months' imprisonment, consistent with the government's estimate in the agreement.  Cf. United States v. Fernandez, 877 F.2d 1138, 1145 (2d Cir. 1989) (finding that sentencing courts may depart downwardly "to give effect to a plea bargain if such a departure is warranted").  Probation's recommended sentence of 37 months' imprisonment is within the government's calculated Guidelines range.  Accordingly, the government plans to argue to the Court that a ruling on the enhancement "is unnecessary" under Rule 32(i)(3)(B).

III.   Analysis

   A.   Legal Standard

   This Court "shall impose a sentence sufficient, but not greater than necessary," to achieve the goals of sentencing.  18 U.S.C. § 3553(a).  "[I]n determining the particular sentence to be imposed," the Court "shall consider" certain factors set forth in § 3553(a), including the applicable Guidelines range.  Id.  The Court must "correctly calculat[e] the applicable Guidelines range" because a miscalculation constitutes "significant procedural error."  Gall v. United States, 552 U.S. 38, 49, 51 (2007).  The Guidelines range "should be the starting point and the initial benchmark."  Id. at 49.  Still, the Court "should not presume" the reasonableness of the calculated Guidelines range and "must make an individualized assessment based on the facts presented."  Id. at 50.  The Court must "adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range."  Id. at 51.

   B.   The Appropriate Sentence

   The § 3553(a) factors counsel heavily in favor of a sentence within the Guidelines range.  Such a sentence is sufficient but not greater than necessary to reflect the nature and circumstances of the offense and the history and characteristics of the defendant, to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct.

   The defendant engaged in serious narcotics and firearms activity.  The drug amounts in this case, if anything, undervalue the amount connected to the defendant's drug trafficking scheme, because he had provided increasing amounts of narcotics over time (which indicates access to large amount of narcotics) and the drug amounts are representative of only one customer.  Without a meaningful and substantial penal consequence for the narcotics trafficking, there is limited incentive for individuals to refrain from performing such activity.

   Accordingly, the government respectfully submits that a significant sentence within the Guidelines range would reflect the seriousness of the defendant's conduct and the

need to provide adequate deterrence to future criminal conduct.  <u>See</u> 18 U.S.C. § 3553(a)(1), (a)(2).

IV.    <u>Conclusion</u>

        For the foregoing reasons, and for the reasons stated in its initial sentencing letter, the government respectfully recommends a sentence within the Guidelines range of 30 to 37 months' imprisonment.

                Respectfully submitted,

                BREON PEACE
                United States Attorney

By:    <u>/s/ Victor Zapana</u>
                Victor Zapana
                Assistant U.S. Attorney
                (718) 254-7180

cc:    Clerk of the Court (RPK) (by ECF)
       Defense counsel (by E-mail)
       U.S. Probation Department (by E-mail)